UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARK RICHARD

CIVIL ACTION

VERSUS

CASE NO. 17-9703

ST. TAMMANY PARISH SHERIFF'S
DEPARTMENT

SECTION: "G"(1)

## ORDER AND REASONS

In this litigation, Plaintiff Mark Richard ("Plaintiff"), a former deputy of the St. Tammany Parish Sheriff's Department, brings employment discrimination and retaliation claims against St. Tammany Parish Sheriff Randy Smith ("Sheriff Smith").[1] Before the Court is Plaintiff's "Motion to Strike Unauthorized Out-of-Time Supplemental Witness and Exhibit List."[2] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion.

## I. Background

On September 27, 2017, Plaintiff sued the St. Tammany Parish Sheriff's Department, contending that it: (1) subjected him to a sexually hostile work environment, in violation of Title VII of the Civil Rights Act; (2) terminated his employment in retaliation for his complaints of a sexually hostile work environment, in violation of Title VII; (3) subjected him to age-based harassment, in violation of the Age Discrimination in Employment Act ("ADEA"); (4) retaliated

---

[1] Rec. Docs. 1, 20.

[2] Rec. Doc. 204.

1

against him for his complaints of an ageist hostile work environment, in violation of the ADEA; and (5) violated the Americans with Disabilities Act ("ADA").[3]  The case was initially allotted to Judge Martin L.C. Feldman.

On December 7, 2017, the Sheriff's Department moved to dismiss the complaint, contending that the department is not an entity capable of being sued.[4]  Thereafter, Plaintiff amended the complaint to name Sheriff Smith as the sole defendant, rendering the motion to dismiss moot.[5]  Sheriff Smith then moved to dismiss the amended complaint for failure to state a claim.[6]  In an Order and Reasons dated May 3, 2018, Judge Feldman granted the motion to dismiss, in part, as to the ADA claim, and denied the motion, in part, as to the sexual harassment and retaliation claims under Title VII, as well as to the age-based harassment and retaliation claims under the ADEA.[7]

On March 13, 2019, Sheriff Smith moved for summary judgment, contending that no genuine issue of material fact exists concerning Plaintiff's remaining claims.[8]  On April 17, 2019, Judge Feldman denied the motion for summary judgment, finding that there were "serious disputed fact questions that turn upon the credibility of witnesses."[9]

On July 6, 2021, Plaintiff filed a motion for partial summary judgment arguing that there

---

[3] Rec. Doc. 1.

[4] Rec. Doc. 5.

[5] Rec. Docs. 20, 22.

[6] Rec. Doc. 27.

[7] Rec. Doc. 35.

[8] Rec. Doc. 58.

[9] Rec. Doc. 76.

was "no genuine issue of material fact regarding his retaliatory discharge from employment."[10]

On July 21, 2021, Judge Feldman denied the motion for partial summary judgment, again finding

that "significant questions of fact turning largely on witness credibility make summary judgment

'patently inappropriate.'"[11]

On January 31, 2022, the case was reallotted to the undersigned Chief Judge following the

passing of Judge Feldman.[12]  That same day, an amended scheduling order was issued.[13]  Pursuant

to the amended scheduling order, witness and exhibit lists were due on April 26, 2022, and the

discovery deadline was set for May 13, 2022.[14]  Both parties filed their witness and exhibit lists

on April 26, 2022.[15]  On May 5, 2022, the parties filed a joint motion to continue the discovery

deadline, which the Court granted, thereby extending the discovery deadline to May 31, 2022.[16]

On May 19, 2022, without requesting leave of Court, Sheriff Smith filed a supplemental witness

and exhibit list.[17]  On May 31, 2022, Plaintiff filed the instant motion to strike the supplemental

witness and exhibit list.[18]  On June 7, 2022, Sheriff Smith filed an opposition.[19]

---

[10] Rec. Doc. 136.

[11] Rec. Doc. 142.

[12] Rec. Doc. 170.

[13] Rec. Doc. 171.

[14] *Id.*

[15] Rec. Docs. 176, 177.

[16] Rec. Doc. 182.

[17] Rec. Doc. 190.

[18] Rec. Doc. 204.

[19] Rec. Doc. 208.

## II. Parties' Arguments

### A.    *Plaintiff's Arguments in Support of the Motion to Strike*

In the motion, Plaintiff argues that the Court should strike the supplemental witness and exhibit list because it was filed after the deadline set by this Court.[20]

Plaintiff notes that the supplemental list seeks to add a new witness, Thomas O. Richardson ("Richardson"), Plaintiff's tax preparer, and new exhibits comprised of documents produced by Richardson on May 19, 2022.[21] Plaintiff asserts that he previously voluntarily produced his tax returns, and Sheriff Smith subpoenaed Richardson rather than just asking Plaintiff to voluntarily produce the documents.[22] Additionally, Plaintiff points out that the subpoena "was not limited specifically to Plaintiff's 2021 tax records, but also sought bank records and other financial documents."[23]

Plaintiff argues that Sheriff Smith cannot add an additional witness and exhibits absent good cause to amend the scheduling order, and that Sheriff Smith does not have good cause.[24] Plaintiff contends that Sheriff Smith has not offered a reason for the untimely disclosure.[25] Plaintiff asserts that the supplemental witness and exhibits are not important or necessary to Sheriff Smith's case because they are only relevant to Plaintiff's lost wage claim, and Richardson's

---

[20] Rec. Doc. 204-1 at 1.

[21] *Id.* at 2.

[22] *Id.*

[23] *Id.*

[24] *Id.* at 3.

[25] *Id.*

4

testimony is not needed to authenticate or explain the 2021 tax return.[26] Plaintiff argues that he

will be unfairly prejudiced by the filing because Richardson responded to the subpoena before

Plaintiff was able to challenge its scope.[27] Finally, Plaintiff asserts that a continuance is not

available to cure the prejudice and would be unduly burdensome at this late stage.[28]

**B.      *Sheriff Smith's Arguments in Opposition to the Motion to Strike***

In opposition, Sheriff Smith argues that the supplemental witness and exhibit list was not

untimely because it was filed before the May 31, 2022 discovery deadline.[29] Sheriff Smith states

that he served Richardson with a subpoena duces tecum on May 18, 2022, seeking production of

"Plaintiff's own tax returns and the underlying support for these returns for 2016 through 2021 for

the simple reason that Plaintiff himself has indicated that he intends to utilize these very returns in

support of his claims for lost wages in this litigation."[30]

Sheriff Smith argues that his supplemental witness and exhibit list is highly important and

relevant, "particularly since it concerns the lack of basic support provided for Plaintiff's economic

loss claims (i.e. his own tax returns)."[31] Sheriff Smith asserts that "it is absolutely necessary for

the defense to have CPA Richardson testify to authenticate plaintiff's tax returns and the

supporting documentation for same."[32] Sheriff Smith states that he has produced a copy of the

---

[26] *Id.*

[27] *Id.* at 4.

[28] *Id.* at 5.

[29] Rec. Doc. 208 at 2–3.

[30] *Id.* at 3.

[31] *Id.* at 4.

[32] *Id.*

information received from Richardson to Plaintiff via both email and U.S. mail.[33] Since the

documents identified were Plaintiff's own tax records, Sheriff Smith suggests that "there can be

no legitimate argument of any unfair prejudice or surprise."[34]

### III. Law & Analysis

Federal district courts have the inherent power to enforce their scheduling orders,[35] and

Federal Rule of Civil Procedure 16(b) provides that a scheduling order "may be modified only for

good cause and with the judge's consent."[36] Whether to extend a deadline set forth in a scheduling

order is within the sound discretion of the trial court.[37] In deciding whether to extend a deadline,

the Court's "judgment range is exceedingly wide," for it "must consider not only the facts of the

particular case but also all of the demands on counsel's time and the court's."[38] In determining

whether to permit an untimely disclosed witness to testify at trial, courts in the Fifth Circuit

consider (1) the explanation for the failure to identify the witness; (2) the importance of the

testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a

continuance to cure such prejudice."[39]

---

[33] *Id.* at 4–5.

[34] *Id.* at 5.

[35] *See Flaska v. Little River Marine Const. Co.*, 389 F.2d 885, 886 & n.3 (5th Cir. 1968) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)).

[36] Fed. R. Civ. P. 16(b)(4).

[37] *United States v. Alix*, 86 F.3d 429, 434 (5th Cir.1996).

[38] *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (internal citations omitted).

[39] *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007).

Pursuant to the amended scheduling order, witness and exhibit lists were due on April 26, 2022, and the discovery deadline was set for May 13, 2022.[40]  Both parties filed their witness and exhibit lists on April 26, 2022.[41]  On May 5, 2022, the parties filed a joint motion to continue the discovery deadline, which the Court granted, thereby extending the discovery deadline to May 31, 2022.[42]  On May 19, 2022, without requesting leave of Court, Sheriff Smith filed a supplemental witness and exhibit list.[43]

Sheriff Smith suggests that the supplemental witness and exhibit list was timely because the discovery deadline had been extended. Sheriff Smith's argument is unfounded because discovery is supplemental to Rule 26 disclosures. Moreover, the Court did not extend the witness and exhibit list deadline when it extended the discovery deadline, and it specifically noted that all other deadlines remained the same.[44] Therefore, the supplemental witness and exhibit list was untimely under the Court's scheduling order. Additionally, for the reasons that follow, Sheriff Smith has not shown that good cause exists to modify the scheduling order to allow this untimely disclosure.

In determining whether an untimely witness should be permitted or untimely exhibits should be admitted, courts in the Fifth Circuit consider (1) the explanation for the failure to identify the witness or exhibit; (2) the importance of the testimony or exhibit; (3) potential prejudice in

---

[40] Rec. Doc. 171.

[41] Rec. Docs. 176, 177.

[42] Rec. Doc. 182.

[43] Rec. Doc. 190.

[44] Rec. Doc. 182.

allowing the testimony or exhibit; and (4) the availability of a continuance to cure such prejudice.[45]

As to the first factor, Sheriff Smith does not explain why he waited until May 18, 2022, after the witness and exhibit list deadline, to serve the subpoena duces tecum on Plaintiff's tax preparer. As to the second factor, Sheriff Smith suggests that Richardson's testimony is necessary to authenticate the tax returns. If both parties agree to the authenticity of these documents and authenticating the tax documents is the sole purpose of his testimony, it does not appear necessary to have Richardson appear at trial. As to the third factor, Plaintiff will be prejudiced because Richardson responded to the subpoena before Plaintiff was able to challenge its scope. As Plaintiff points out, the subpoena was not limited to Plaintiff's 2021 tax return, but also sought bank records and other financial documents. Finally, as to the fourth factor, this matter has been pending for nearly five years, and the trial date is in less than two weeks. Therefore, a continuance is not available to cure the prejudice.

Furthermore, the Court does not arbitrarily set deadlines in the scheduling order. The Court's orders and deadlines must be respected to ensure the orderliness and timeliness of all trials. The Court cannot tolerate or allow a party to ignore, disrespect, and disregard its deadlines and procedures with no good cause, especially if the effect is to surprise and unduly burden the opposition.

Accordingly,

---

[45] *Betzel*, 480 F.3d at 707.

**IT IS HEREBY ORDERED** that Plaintiff Mark Richard's "Motion to Strike Unauthorized Out-of-Time Supplemental Witness and Exhibit List"[46] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this __30th__ day of June, 2022.

_Nannette Jolivette Brown_

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[46] Rec. Doc. 204.

9